UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMIR REDZEPAGIC<br>*Plaintiff*<br><br>v.<br><br>EDWARD M. RABIN<br>RABIN MANAGEMENT, LLC<br>SOLEL REALTY CO., LLC<br>*Defendants,* jointly and severally. | № <br><br><br>**COMPLAINT** |

Through his attorneys, Eisner & Dictor, P.C., plaintiff Samir Redzepagic brings this action pursuant to the Fair Labor Standards Act (FLSA) to recover *inter alia* withheld wages from defendants and alleges:

## JURISDICTION & VENUE

1. This action arises under a federal statute, 29 U.S.C. § 216(b).

2. The events and omissions giving rise to plaintiff's claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff Samir Redzepagic is an adult individual residing in Kings County and a former employee of defendants.

4. Defendant Edward M. Rabin is an adult individual and former employer of plaintiff.

5. Defendant Rabin Management, LLC is an active limited liability company organized under the laws of New York State.

6. Defendant Solel Realty Co., LLC is an active limited liability company organized under the laws of New York State.

1

## STATEMENT OF CLAIMS

7. From March 19, 2015, to May 28, 2015, defendants employed Redzepagic to work as the superintendent of the building located at 1013 Avenue J, Brooklyn, New York 11230 (the "Premises"), which has seventy residential units and eight retail stores.

8. Defendants have performed related activities through unified operations or common control since at least March 19, 2015, with the common purpose of operating and maintaining the Premises.

9. Since at least March 19, 2015, defendants have constituted an enterprise engaged in commerce, as defined by 29 U.S.C § 203(s)(1), with a gross annual volume of business done of not less than $500,000 and with employees engaged in commerce, as defined by 29 U.S.C. § 203(b). Defendants' employees have engaged in commerce by handling and receiving goods moving in interstate commerce when maintaining and performing repairs to the Premises.

10. Throughout his employment by defendants, Redzepagic engaged in commerce or in the production of goods in commerce. In particular, Redzepagic handled and received goods moving in interstate commerce when maintaining and performing repairs to the Premises. Redzepagic is likely to have additional evidentiary support after a reasonable opportunity for further investigation and discovery.

11. Redzepagic is a covered employee under the FLSA and is not exempt from the minimum wage and maximum hour requirements under 29 U.S.C. § 213. As an employee of defendants, Redzepagic provided maintenance services to the premises, including cleaning, garbage removal, and repairs.

12. Between March 19, 2015, and May 28, 2015, defendants failed to provide Redzepagic with wage statements that accurately listed the hours he worked, in violation of NYLL § 195(3).

2

13. Between March 19, 2015, to May 28, 2015, defendants failed to pay Redzepagic the minimum wage rate required by the FLSA, 29 U.S.C. § 203, for all hours he worked. In particular, defendants failed to pay Redzepagic any wages for the hours over 40 that he worked each week.

14. Between March 19, 2015, and May 28, 2015, Redzepagic worked for defendants at the Premises for 98 hours each week, but defendants willfully failed to pay Redzepagic at the overtime rate required by the FLSA, 29 U.S.C. § 207, for the time in excess of 40 hours that he worked each week.

15. Redzepagic worked an average of 58 hours of overtime each week performing maintenance tasks for the building on weekends and after his regular eight hours of work on weekdays. As with his regular hours, Redzepagic worked overtime responding to tenant complaints, clearing and unclogging the drains of tenants and the building's sewer drain, removing garbage and recycling, correcting code violations, fixing leaks, maintaining the boiler room and resetting the boiler, responding to fires, clearing and repairing vacant apartments, and performing other maintenance and repairs.

16. Throughout Redzepagic's employment with defendants, defendants paid Redzepagic $362.50 each week for all hours worked.

17. To the extent that Redzepagic is deemed a janitor, as defined by 12 NYCRR § 141-3.4, defendants willfully paid Redzepagic below the minimum wage rate required by NYLL § 652 and 12 NYCRR § 141-1.2.

18. To the extent that Redzepgaic is not deemed a janitor, as defined by 12 NYCRR § 141-3.4 and all other applicable laws and regulations, defendants willfully paid Redzepagic below the minimum wage rate required by NYLL § 652 and 12 NYCRR § 141-1.3.

19. To the extent that Redzepagic is not deemed a janitor, as defined by 12 NYCRR § 141-3.4 and all other applicable laws and regulations, defendants willfully failed to pay Redzepagic at his regular rate for all hours worked, in violation of NYLL § 193.

20. To the extent that Redzepagic is not deemed a janitor, as defined by 12 NYCRR § 141-3.4 and all other applicable laws and regulations, defendants willfully failed to pay Redzepagic the overtime rate required by 12 NYCRR § 141-1.4.

### FIRST CLAIM FOR RELIEF
**(FLSA, 29 U.S.C. §§ 201 *et seq.*, claim for withheld minimum wages under federal law)**

21. Redzepagic re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

22. In light of defendants' unlawful failure to pay minimum wages, Redzepagic seeks and is entitled to recover damages for his unpaid minimum wages, liquidated damages as provided by the FLSA, attorney's fees and costs along with such other relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA, 29 U.S.C. §§ 201 *et seq.*, claim for withheld overtime compensation under federal law)**

23. Redzepagic re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

24. In light of defendants' unlawful failure to pay overtime compensation, Redzepagic seeks and is entitled to recover damages for his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld minimum wages under New York law)**

25. Redzepagic re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

26. To the extent Redzepagic is not deemed a janitor, Redzepagic seeks and is entitled to recover damages for his unpaid minimum wages, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld regular wages under New York law)**

27. Redzepagic re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

28. To the extent Redzepagic is not deemed a janitor, Redzepagic seeks and is entitled to recover damages for his unpaid regular wages, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld overtime compensations under New York law)**

29. Redzepagic re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

30. To the extent Redzepagic is not deemed a janitor, Redzepagic seeks and is entitled to recover damages for his unpaid overtime compensation, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld per unit wages under New York law)**

31. Redzepagic re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

32. To the extent Redzepagic is deemed a janitor, Redzepagic seeks and is entitled to recover damages for his unpaid per unit wages, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for notice and record-keeping penalties under New York law)**

33. Redzepagic re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

34. Redzepagic seeks and is entitled to recover penalties and damages for defendants' failure to provide accurate wage statements as required by NYLL § 195(3).

## PRAYER FOR RELIEF

Plaintiff requests that this Court grant him the relief to which he is entitled and:

(a) enter judgment declaring that defendants willfully violated the FLSA;

(b) award Redzepagic the minimum wages he is owed under the FLSA;

(c) award Redzepagic the overtime wages he is owed under the FLSA;

(d) award Redzepagic compensatory damages for defendants' violations of the FLSA;

(e) award Redzepagic liquidated or punitive damages pursuant to the FLSA;

(f) enter judgment declaring that defendants willfully violated NYLL;

(g) award Redzepagic minimum wages owed pursuant to NYLL;

(h) award Redzepagic regular wages owed pursuant to NYLL;

(i) award Redzepagic overtime compensation owed pursuant to NYLL;

(j) award Redzepagic per unit wages owed pursuant to NYLL;

(k) award Redzepagic compensatory damages for defendants' violations of NYLL;

(l) award Redzepagic liquidated or punitive damages pursuant to NYLL;

(m) award Redzepagic damages and penalties for defendants' violations of the notice and recordkeeping provisions of NYLL;

(n) award Redzepagic attorneys' fees and costs pursuant to 29 U.S.C. § 216;

(o) award Redzepagic attorneys' fees and costs pursuant to NYLL § 198;

(p) award Redzepagic pre- and post-judgment interest as provided by law; and

(q) grant such other relief that is just and proper.

Dated: New York, New York
January 26, 2017

Respectfully submitted,

EISNER & DICTOR, P.C.
*Attorneys for Plaintiff*

By: _____
Benjamin N. Dictor
39 Broadway, Suite 1540
New York, New York 10006
ben@eisnerdictor.com
(212) 473-8700