UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SAMIR REDZEPAGIC,

                Plaintiff,

         -against-

EDWARD M. RABIN,

RABIN MANAGEMENT, LLC; and

SOLEL REALTY Co., Inc.,

              Defendants.

------------------------------------------------------------------x

Index No. 17-CV-466
(WFK-SMG)

MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS'
COUNTERCLAIMS

## MEMORANDUM OF LAW IN SUPPORT OF COURT'S JURISDICTION OVER DEFENDANTS' COUNTERCLAIM

Defendants/Counterclaimants Edward M. Rabin, Rabin Management, LLC; and Solel Realty Co., LLC, submit this memorandum in support of their counterclaims against Samir Redzepagic for New York State law claims for Rent Implied By Tenant's Occupation, Breach Of Contract Causing Damage, and Promise Causing Detrimental Reliance.

## COURT HAS JURISDICTION OVER THE COUNTERCLAIMS UNDER THE LAW OF COMPULSORY COUNTERCLAIMS

With certain exceptions, Federal Rule of Civil Procedure Rule 13(a) requires that a litigant "state as a counterclaim any claim . . . if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

The Second Circuit relies on the "logical relationship" test to determine what constitutes the same "transaction or occurrence." *See* <u>Harris v. Steinem</u>, 571 F.2d 119, 121–22 (2d Cir. 1978). Although the test does not require "an absolute identity of factual backgrounds," the "essential facts of the various claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *See* <u>United States v. Aquavella</u>, 615 F.2d 12, 22 (2d Cir. 1979).

In this case, Plaintiff's claim for unpaid overtime and Defendants' counterclaims "arise out of" the same transaction because the "essential facts" are logically intertwined. Plaintiff's and Defendants' claims rely upon the same facts, mainly facts related to Plaintiff's short employment tenure at Defendants' building and his hold-over tenancy that flowed from that. To resolve both claims, the Court would need to analyze Plaintiff's tenure with the Defendants, including, but not limited to, Plaintiff's work schedule, employment records, payroll records, room and board documents, job duties, managerial documents regarding Plaintiff's performance, work orders assigned to Plaintiff, and Defendants' initiated eviction proceeding.

Moreover, both Plaintiff's and Defendants' claims implicate the same parties, specifically the Plaintiff and Defendants, and do not implicate a third party, over whom the Court would need to attain jurisdiction.

As Defendants' counterclaim "arises out of" the same transaction as Plaintiff's claim, Defendants' counterclaim should be heard by this Court.

2

Defendant/Counterclaimants in this proceeding understand that, though the Court granted permission to file the counterclaim, that there is nonetheless a concern about the timing of the request and complaint. Specifically, FRCP Rule 13(a) "requires" compulsory counterclaims to be filed at the time of an Answer. To address the Court's concern, Defendant/Counterclaimants submit that the Court also has jurisdiction over the subject counterclaims as a matter of permissive jurisdiction over counterclaims.

## COURT HAS JURISDICTION OVER THE COUNTERCLAIMS UNDER THE LAW OF PERMISSIVE COUNTERCLAIMS

FRCP Rule 13(b) defines a permissive counterclaim as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

Courts assert that "permissive counterclaims" require an independent basis of jurisdiction, i.e., that the counterclaim must be maintainable in a federal district court on some jurisdictional basis that would have sufficed had it been brought in a separate action." Jones v. Ford Motor Credit Co., 358 F.3d 205, 212–15 (2d Cir. 2004). For state law counterclaims, Courts attain the necessary independent basis of jurisdiction through "supplemental jurisdiction." Id.

A Court exercises supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part

3

of the same case or controversy under Article III of the Constitution." <u>Nicholsen v.</u>
<u>Feeding Tree Style, Inc.</u>, No. 12 Civ. 6236, 2014 WL 476355, at *2–4 (S.D.N.Y. Feb.
6, 2014). State law counterclaims are part of the "same case or controversy" if they
share a "common nucleus of operative fact." <u>City of Chicago v. Int'l Coll. Of</u>
<u>Surgeons</u>, 522 U.S. 156, 165 (1997). The two claims share a common nucleus of
operative fact if "the facts underlying the federal and state claims substantially
overlapped or the federal claim necessarily brought the facts underlying the state
claim before the court." <u>Anwar v. Stephens</u>, No. CV 15–4493, 2016 WL 4468090, at
*3 (E.D.N.Y. Aug. 03, 2016) ("A common nucleus of operative fact exists where
plaintiff would ordinarily be expected to try them all in one judicial proceeding."). A
common nucleus of operative fact does not exist where the state law claims
"involved different rights, different interest, and different underlying facts." <u>Id</u>.

In this case, the Court attains an independent basis of jurisdiction through
supplemental jurisdiction. Plaintiff's claim for unpaid overtime and Defendant's
counterclaim form part of the "same case or controversy" because the two claims
share a "common nucleus of operative fact." Plaintiff's and
Defendant/Counterclaimants' claims stem from the same facts, which are related to
Plaintiff's short employment tenure at Defendants' building.

As with an analysis under compulsory counterclaims, to resolve both claims,
the Court would need to analyze Plaintiff's tenure with the Defendant, including,
but not limited to, Plaintiff's work schedule, employment records, payroll records,

room and board documents, job duties, managerial documents regarding Plaintiff's performance, work orders assigned to Plaintiff, and Defendants' initiated eviction proceeding. And again, both Plaintiff's and Defendant/Counterclaimants' claims implicate the same parties, specifically the Plaintiff and Defendants, and do not implicate a third party, over whom the Court would need to attain jurisdiction.

Therefore, Plaintiff's claim for unpaid overtime and Defendants' counterclaims form part of the "same case or controversy" because the two claims share a "common nucleus of operative fact."

Satisfying the "common nucleus of operative fact" standard, however, does not end the inquiry because a Court must consider "whether any of the four grounds set out in 1367(c) are present to an extent that would warrant the exercise of discretion to decline assertion of supplemental jurisdiction." Jones, 358 F.3d at 214; *see generally* 28 U.S.C § 1367(c) (2017). Section 1367(c) provides that: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. In this case, none of the exceptions apply.

## JUDICIAL ECONOMY DICTATES THAT THIS COUNTERCLAIM SHOULD BE HEARD BY THIS COURT

Whether under the theory of a compulsory or permissive counterclaim, judicial economy dictates that one Court should hear these two claims which are so strongly intertwined, because the Court would analyze essentially the same facts, and it would be a waste of judicial resources for two Courts to hear the same facts from the same parties. As mentioned already in the analysis of both theories, all the facts, evidence, parties, and witnesses are the same for both the matter already before this Court as well as the proposed counterclaim.

As a result of the foregoing, Defendant/Counterclaimants' submit that their state law claims for Rent Implied By Tenant's Occupation, Breach Of Contract Causing Damage, and Promise Causing Detrimental Reliance arising out of Plaintiff Redzepagic's failed employment and subsequent holdover tenancy should be heard by this Court which is already hearing the underlying matters.

Dated:     August 31, 2017 (Amended with Signature September 13, 2017)

Respectfully Submitted,

Rachel Demarest Gold, Esq.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
One MetroTech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300
rgold@abramslaw.com
Attorney for Defendants

6